UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RANDY RUSSELL YBARRA, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:19-CV-343-JD-MGG |
| INDIANA DEPT. OF CORRECTIONS, et al., | |
| Defendants. | |

OPINION AND ORDER

Randy Russell Ybarra, a prisoner without a lawyer, filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Ybarra alleges that other inmates at the Indiana State Prison were targeting him for attacks because a correctional officer, who had been

trafficking contraband to inmates, quit her job after Ybarra complained about her.[1] On January 22, 2019, he told Investigator Rodriguez about this issue, but she denied his request for protection. On January 25, he requested protective custody from Counselor Wilson in writing. On January 27, two inmates assaulted Ybarra on his way to breakfast. On January 31, Ybarra gave his request for protective custody to Lieutenant Lott, and Lieutenant Lott escorted him back to his cellhouse and locked Ybarra in his cell. On the early morning of February 1, an inmate came to the cell, spat in Ybarra's face, and attempted to hit him with a "lock in sock."[2] Later that day, Counselor Wilson asked Ybarra questions about his request for protective custody. Ybarra told him about the assault that morning, but Counselor Wilson informed him that his request was denied. Ybarra also requested protective custody from Sergeant Statham in writing, but he did not respond to the request. On the evening of February 6, several inmates simultaneously attacked Ybarra, which resulted in injuries to his kidney, face, and back. Officer Dunlap saw Ybarra retreating from the attack to his cell, but he did nothing to ensure Ybarra's safety.

After the attacks, Ybarra wrote to Deputy Warden Payne about this issue on several occasions, but Deputy Warden Payne responded that correctional staff had followed procedure with regard to his requests for protective custody. On or around

---

[1] The amended complaint includes many references to exhibits that were filed with the initial complaint (ECF 1-1). Though the court generally does not accept piecemeal complaints, on this occasion, the court will construe these exhibits as part of the amended complaint in accordance with Fed. R. Civ. P 10(c).

[2] The court understands "lock in a sock" to be a colloquial term for a makeshift weapon created by placing one or more small heavy objects, such as a padlock, in a sock.

March 1, 2019, Ybarra was released from the medical observation back into general population. However, on March 8, Ybarra was removed from general population, and, on March 11, his request for protective custody was granted. At this time, Ybarra remains in protective custody.

Ybarra asserts an Eighth Amendment claim against Investigator Rodriguez, Counselor Wilson, Sergeant Statham, Officer Dunlap, Deputy Warden Payne, and Lieutenant Lott for failing to protect him from attacks from other inmates from January 22, 2019 through March 8, 2019. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Based on the allegations in the amended complaint, Ybarra states a plausible Eighth Amendment failure to protect claim against these defendants.

Ybarra also asserts a claim against Counselor Taylor for responding to his request to Deputy Warden Payne to review video footage as he considered Ybarra's informal grievance. However, "the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Ybarra also asserts that

Counselor Taylor's response impeded his ability to file a complaint. Though Ybarra has the constitutional right to access the courts, *see Lewis v. Casey*, 518 U.S. 343, 350 (1996), Counselor Taylor's response on behalf of Deputy Warden Payne clearly did not prevent him from filing a complaint and initiating this lawsuit. Therefore, the claim against Counselor Taylor is dismissed.

Additionally, Ybarra names the Indiana Department of Correction as a defendant. The Constitution's Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (7th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the Department of Correction, as well as to the State itself. *See Kashani v. Purdue University*, 813 F.2d 843 (7th Cir. 1987). A State may elect to waive its Eleventh Amendment immunity, but the State of Indiana has not. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988). Therefore, this defendant is dismissed.

Ybarra further seeks an injunction to prevent correctional officials from transferring him to another correctional facility as retaliation for filing this lawsuit. For prisoner cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal

4

right." *Id.* Ybarra cannot proceed on his injunctive relief claim because there is no indication that a retaliatory transfer will occur. Nevertheless, if the circumstances change and he believes that he is no longer adequately protected from other inmates, he may file a motion for injunctive relief at that time.

For these reasons, the court:

(1) GRANTS Randy Russell Ybarra leave to proceed on an Eighth Amendment claim for money damages against Investigator Rodriguez, Counselor Wilson, Sergeant Statham, Officer Dunlap, Deputy Warden Payne, and Lieutenant Lott for failing to protect him against attacks from other inmates from January 22, 2019, to March 8, 2019;

(2) DISMISSES the Indiana Department of Correction and Counselor Taylor;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Investigator Rodriguez, Counselor Wilson, Sergeant Statham, Officer Dunlap, Deputy Warden Payne, and Lieutenant Lott at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 5) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Investigator Rodriguez, Counselor Wilson, Sergeant Statham, Officer Dunlap, Deputy Warden Payne, and Lieutenant Lott respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Randy Russell Ybarra has been granted leave to proceed in this screening order.

SO ORDERED on September 20, 2019

                                                  /s/ JON E. DEGUILIO  
                                                  JUDGE  
                                                  UNITED STATES DISTRICT COURT