UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RANDY RUSSELL YBARRA, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:19-CV-343-JD-MGG |
| INVESTIGATOR RODRIGUEZ, et al., | |
| Defendants. | |

OPINION AND ORDER

Randy Rusell Ybarra, a prisoner without a lawyer, filed motions for a preliminary injunction, seeking housing in a protective custody unit to avoid attacks from other inmates in the administrative housing unit of the Indiana State Prison. He currently proceeds on an Eighth Amendment claim for money damages against the defendants for failing to protect him against attacks from other inmates from January 22, 2019, to March 8, 2019. ECF 9.

The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir.1998). "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th

Cir. 2004). "A potential injury is irreparable when the threatened harm would impair the court's ability to grant an effective remedy." *EnVerve, Inc. v. Unger Meat Co.*, 779 F. Supp. 2d 840, 844 (N.D. Ill. 2011). "Irreparable harm is harm which cannot be repaired, retrieved, put down again, [or] atoned for. The injury must be of a particular nature, so that compensation in money cannot atone for it." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997).

The record reflects that, on January 22, 2020, Ybarra was moved from protective custody to administrative housing after receiving six conduct reports within the three preceding months, including an attack on another inmate. ECF 62-1. On February 18, he was moved to disciplinary housing as a sanction for the conduct reports. *Id.* On April 15, he submitted a request for protective custody, informing correctional staff that there were inmates in disciplinary housing who had assaulted him in 2019 and that prison gangs had targeted him for his former protective custody status. ECF 62-4. Todd Marsh, a caseworker, interviewed Ybarra, but Ybarra could not identify any individuals who had threatened him. ECF 62-3. Caseworker Marsh also reviewed the interview conducted pursuant to Ybarra's protective custody request from 2019 but could not verify that any inmates in the disciplinary unit posed a threat to Ybarra's safety. *Id.*

On April 22, Ybarra moved back to administrative housing, where he currently resides. ECF 62-1. On May 12, he submitted a request for protective custody, stating that correctional staff had told other inmates that he came from protective custody. ECF 62-6. He represented that he received threats of violence from other inmates and that prison gangs had targeted him. *Id.* Caseworker Marsh noted that correctional staff had

2

recently investigated Ybarra's need for protection and determined that Ybarra had provided no new information from his prior request, and the request was denied. ECF 62-7. On June 8, 2020, Ybarra submitted a third request complaining about the availability of his judicial complaints on LexisNexis, and this request remained pending at the time of the Warden's response, dated June 19, 2020. ECF 62-8.

In administrative housing, Ybarra has a cell to himself. ECF 62-1. Inmates in that unit are kept separate from general population and cannot leave their cell without restraints and an escort by correctional staff. *Id.* The inmates receive recreation time in individual enclosed outside areas. *Id.*

To obtain a motion for a preliminary injunction, Ybarra must demonstrate a reasonable likelihood of success on the merits and that he will suffer irreparable harm absent injunctive relief. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Deliberate indifference is a high standard, and is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). In such cases, "a prisoner normally proves actual knowledge of impending harm

3

by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

The record indicates that Ybarra has significant protections in administrative housing, including his own cell, escorts from correctional staff, and complete separation from other inmates. Other inmates in the housing unit leave their cell only with restraints and an escort. While correctional staff may not have eliminated the risk of harm to Ybarra, they have provided him with meaningful safety measures. Further, Caseworker Marsh promptly investigated Ybarra's request for protection and was unable to identify specific threats even after interviewing him. Ybarra does not dispute the existence or the import of these safety measures or that he impeded the investigation by declining to identify specific threats during the interview. Similarly, while Ybarra expresses concern about other inmates spitting on him or breaking into his enclosed recreational space, there is no indication that he has conveyed to correctional staff that he has received specific threats of this nature. On this record, the court cannot find that correctional staff are acting with deliberate indifference to Ybarra's safety or that Ybarra will suffer irreparable harm absent injunctive relief.

With respect to the competing and public interests, unnecessary intrusions into the management of prisons are generally disfavored. *See* 18 U.S.C. § 3626(a) (prison-related injunctions must be necessary to remedy the violation and narrowly tailored); *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) ("Prison officials have broad administrative and discretionary authority over the institutions they manage."). This is

particularly true here given Ybarra's attack on another inmate in protective custody and correctional staff's need to accommodate the safety's need of other inmates.

Finally, Ybarra asserts that his move to administrative housing constitutes unlawful retaliation in violation of the First Amendment, the Equal Protection Clause, and his right to procedural due process and that the denial of his request for a face mask presents a risk to his health. The court cannot grant relief in this case based on those theories because such relief would have no more than a tenuous connection to the complaint, which asserts an Eighth Amendment claim for failing to protect Ybarra from attacks from other inmates in early 2019. *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). After considering the relevant factors, the court finds that Ybarra has not demonstrated that he is entitled to injunctive relief. Therefore, the court DENIES the motions for a preliminary injunction (ECF 49, ECF 58).

SO ORDERED on June 30, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

5